IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC BLANDING,** | : |
|     **Plaintiff,** | : |
| **vs.** | :   **CIVIL ACTION 15-00049-KD-B** |
| **KIM THOMAS,** *et al.*, | : |
|     **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff Eric Blanding, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Blanding has failed to prosecute and to comply with the Court's Order dated February 5, 2015, it is recommended that this action be dismissed without prejudice.

Blanding's complaint (Doc. 1) and declaration in support of request to proceed *in forma pauperis* (Doc. 2) were not filed on the Court's required forms. Accordingly, in an order dated February 5, 2015, this Court directed Blanding to file his complaint on the Court's form for prisoner 1983 actions, and his motion on the Court's current form for motions to proceed without prepayment of fees no

1

later than **March 5, 2015**[1] (Doc. 3).

Blanding was cautioned that if he elected not to refile his complaint and motion (or pay the filing fee in lieu thereof), this action would be dismissed without prejudice for failure to prosecute and to obey the Court's Order. The Court also directed the Clerk to forward to Blanding a copy of the requisite forms along with a copy of the Order. To date, Blanding has not responded in any manner to the Court's Order (Doc. 3), nor has his copy of the Order and forms been returned to the Court.

Due to Blanding's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v.

---

[1] Plaintiff was also advised that in lieu of filing a new motion to proceed without payment of fees, he could pay the $400.00 filing fee by March 5, 2015 (Doc. 3).

Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **26th** day of **March, 2015.**

                               /s/ SONJA F. BIVINS
                          **UNITED STATES MAGISTRATE JUDGE**